**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Albert Kuperman


   v.                                                      Civil No. 06-cv-420-JD

New Hampshire Department
of Corrections, et al.


**O R D E R**

Albert Kuperman has filed a complaint, pursuant to 42 U.S.C. § 1983, alleging that defendants have abridged his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution and New Hampshire law (document no. 1). He further alleges that defendants have substantially burdened his religious practices in violation of his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. ("RLUIPA")[1] and have failed to accommodate his disability in violation of Title II of the Americans With Disabilities Act

---

[1] The complaint alleges violations of the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb–2000bb-4 ("RFRA"). In City of Boerne v. Flores, 521 U.S. 507, 532-36 (1997), the Supreme Court declared RFRA unconstitutional as it applied to the states and their subdivisions. See also Cutter v. Wilkinson, 544 U.S. 709, 715 at n.2 (2005). Accordingly, I liberally construe the complaint to allege violations under RLUIPA, which is the successor statute to RFRA and which applies to the states. See Cutter v. Wilkinson, 423 F.3d 579, 582 (6th Cir. 2005).

("ADA"), 42 U.S.C. § 12132, et seq.

Named as defendants are the New Hampshire Department of Corrections ("NHDOC") and numerous employees of the NHDOC, the New Hampshire State Prison ("NHSP") and the Northern New Hampshire Correctional Facility ("NCF").[2]  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. See 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated in the report and recommendation issued simultaneously herewith, I find that Kuperman has stated the following claims against Cattell and Blaisdell in their representative capacities: (1) an Eighth Amendment claim based on the denial of adequate medical care and a related state law negligence claim; (2) an Eighth Amendment claim based on the failure to protect; (3) a First Amendment claim based on the denial of free exercise of

---

[2]The NHDOC defendants include: Stephen J. Curry, former Commissioner; William Wrenn, Commisssioner; and Robert MacLeod, Administrative Chief, Forensic and Medical Services Division.

The NHSP and NCF defendants include: Bruce Cattell, NHSP Warden; Greg Crompton, NHSP Deputy Warden; Larry Blaisdell, NCF Acting Warden; Bernie Campbell, Physical Therapist; doctors Ippolito and Englander; James Daly, Chaplin; employees Kimberly Lacasse, Joy Leeks, Judy Baker and Barbara Mooney; and correctional officers Danielle Charter and Washburn.

religion; and (4) a RLUIPA claim based on the substantial burden on religious practices.  I recommend dismissal of all remaining claims.

As I find that plaintiff has stated a claim upon which relief may be granted, I order the complaint be served on the defendants.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General (AG), as provided in the Agreement On Acceptance Of Service, copies of this order, the report and recommendation and the complaint (document no. 1).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG declines to represent, the AG shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to

them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 13, 2007

cc:   Nancy Sue Tierney, Esq.